**Ernest James LOPUS, Petitioner,**

v.

**UNITED STATES ATTORNEY GENERAL, Respondent.**

Civ. No. 63-348.

United States District Court
D. Oregon.

Oct. 10, 1963.

Kaye C. Robinette, Koerner, Young, McColloch & Dezendorf, Portland, Or., for petitioner.

Sidney I. Lezak, Acting U. S. Atty., Portland, Or., for respondent.

EAST, District Judge.

On or about September 17, 1962, the petitioner presented to this Court his petition for an order pursuant to the provisions of § 4248 of Title 18 U.S.C.A., to the end that his custody then had by the Attorney General pursuant to orders of this court, might be relinquished to the State of California, his legal residence. The petition alleged, in effect, that his disease, currently diagnosed as "schizophrenia with paranoid tendencies" at the Federal Medical Center at Springfield, Missouri, was progressive and permanent in nature, and petitioner sought to establish his eligibility for release to the appropriate authorities.

This Court, by its order entered on October 2, 1962, concluded that the petition did not state facts upon which this Court could grant any relief and denied the petitioner's application to proceed further in forma pauperis and directed the Clerk to return the papers to the petitioner.

By per curiam opinion filed June 26, 1963, 319 F.2d 855, the United States Court of Appeals for the Ninth Circuit reversed and remanded the cause to this Court for further proceedings in accordance therewith.

Whereupon, this Court, by order dated July 30, 1963, granted the petitioner leave to institute in forma pauperis this above-entitled civil cause and appointed and designated Mr. Kaye C. Robinette, an attorney at law of Portland, Oregon, who is court-appointed counsel for the petitioner in a criminal matter now pending in this Court entitled United States of America v. Ernest James Lopus, Crim. No. 18703, as counsel for the petitioner in these proceedings, with leave to file herein such petition for relief as the petitioner may deem appropriate. That thereafter, on August 15, 1963, the petitioner, pro. per., moved this Court:

"For a hearing in the matter of implementation of § 4247 by the Court against petitioner. Petitioner further requests that psychiatrist Dixon of the City of Portland, Oregon, had made an original diagnosis of petitioner in Portland, be at said hearing to testify for the petitioner.

"Petitioner requests the aforesaid hearing be held forthwith."

Thereafter, on August 26, the petitioner, through Kaye C. Robinette, his attorney aforesaid, moved this Court:

"For an order requiring the United States Attorney General to deliver custody of petitioner to the United States Marshal for return to the District of Oregon for a hearing pursuant to 18 U.S.C. §§ 4246 and 4247.

" * * * for an order requiring re-examination of the petitioner by Henry H. Dixon, Jr., M.D. and for a written report from the authorities at the United States Medical Center at Springfield, Missouri."

It appears [1] that following a hearing in the criminal matter No. 18703 held on January 11, 1962, and the adducing of evidence thereat, the Court found that, as of January 11, 1962:

" * * * the defendant to be mentally incompetent [so] AS TO BE UNABLE TO RATIONALLY ASSIST IN HIS OWN DEFENSE, AND IF RELEASED FROM THE CUSTODY OF THE UNITED STATES MARSHAL PENDING TRIAL OF THE CHARGES HEREIN, THE DEFENDANT WOULD PROBABLY ENDANGER THE SAFETY OF THE OFFICERS, PROPERTY, OR OTHER INTERESTS OF THE UNITED STATES AND THAT SUITABLE ARRANGEMENTS FOR THE CUSTODY AND CARE OF THE DEFENDANT OTHER THAN TO THE ATTORNEY GENERAL WERE NOT OTHERWISE AVAILABLE, * * * "[2]

and concluded that the defendant should be committed accordingly, and thereupon the petitioner was committed to and is now in the custody of the duly authorized representative of the Attorney General at the Federal Medical Center at Springfield, Missouri, under the following orders of commitment:

"That the defendant be committed to the custody of the Attorney General or his authorized representative until the accused (defendant) shall be mentally competent to stand trial or until the pending charge against him are (sic) disposed of according to law. * * *, OR HIS MENTAL CONDITION BECOMES SO IMPROVED THAT, IF RELEASED, HE WOULD PROBABLY NOT ENDANGER THE SAFETY OF THE OFFICERS, PROPERTY, OR OTHER INTERESTS OF THE UNITED STATES, OR UNTIL SUITABLE ARRANGEMENTS HAVE BEEN MADE FOR THE CUSTODY AND CARE OF THE DEFENDANT BY THE STATE OF HIS RESIDENCE, WHICHEVER EVENT SHALL FIRST OCCUR." *

It is manifest that the posture and position of the petitioner in these proceedings is to seek relief from the aforesaid commitment to the custody of the Attorney General, not by reason of defect of procedure or form of original commitment, but by reason of the petitioner's condition arising subsequent thereto, which condition allegedly affords relief pursuant to the provisions of Title 28 U.S.C.A. §§ 2242 and 2243. This appears to be the suggested procedure under like commitment in Greenwood v. United States, 350 U.S. 366, 375, 76 S.Ct. 410, 415, 100 L.Ed. 412:

"In these circumstances the District Court has entered an order retaining and restraining petitioner, while in his present condition, with habeas corpus always available when circumstances warrant."

---

1. Certified copies of order of commitment dated January 11, 1962, and order amending commitment, dated July 30, 1963, supplied in these proceedings by the Clerk upon order herein.

2. Language in lower case per order of commitment dated Jan. 11, 1962. Language in caps per amending order dated July 30, 1963.

* See footnote 2 above.

Suffice, this Court cannot entertain the application, as the situs of the petitioner's custody is within the Western District of Missouri, and not "within [this Court's] respective jurisdiction[s]." Section 2241, Title 28 U.S.C.A.

Accordingly, this Court, on its own motion, should dismiss the petitioner's application and this civil cause thereunder, and

The Clerk of this Court is directed to furnish counsel for the parties herein with copies of this memorandum order via regular United States mail.

It is so ordered.